Moncure Robinson, Jr. and Lydia M. B. Robinson, his Wife, Appellants, *v.* The Pennsylvania Railroad Company.

*Practice, C. P.—Amendment—Imposing terms—Railroads—Eminent domain—Description of land.*

Imposing terms as a condition precedent to the allowance of an amendment in the description of land condemned by a railroad company is wholly within the discretion of the court allowing the amendment, and in the absence of an averment or of proof that the court abused its discretionary power, its refusal to impose terms will not be reviewed by the Supreme Court.

Argued Feb. 13, 1896. Appeal, No. 102, Jan. T., 1896, by plaintiffs, from order of C. P. Chester Co., Aug. Term, 1891, No. 62, allowing withdrawal of petition in condemnation proceedings. Before WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Petition to withdraw petition in condemnation proceedings.

From the record it appeared that on March 17, 1891, the defendant filed its petition in the court below asking for the appointment of viewers to assess damages for taking, in October, 1890, a strip of about fourteen acres of land, about forty-two hundred and fifty feet in length, occupying an average width of one hundred and forty feet across the farm of the plaintiffs, in Tredyffrin township, Chester county, in the construction of a branch of its railroad, known as the Trenton Short Cut. From the report of said viewers an appeal, which is the present action, was taken on June 20, 1891. The plaintiffs had on June 1, 1891, filed a bill in equity to restrain the defendant from taking a larger strip than four rods in width. A demurrer to this bill was overruled, and an appeal taken by the defendant to the Supreme Court, which on January 31, 1893, was discontinued. Thereupon, February 20, 1893, the plaintiffs brought ejectment, and recovered judgment for all of said strip of land in excess of sixty-six feet. (See Robinson v. Penna. R. R. Co., 161 Pa. 561.)

The defendant thereupon obtained a rule to show cause why

it should not have leave to withdraw the petition for viewers and the report thereon. To this rule the plaintiffs filed an answer setting out their trouble and expense in the several proceedings, and asking if the defendant should be permitted to withdraw the proceedings that it should be required, as a condition precedent to said withdrawal, to pay the plaintiffs $5,000 for counsel fees and other expenses.

The court made the following order:

And now, January 31, 1895, it appearing to the court that in a certain action brought in this court to No. 8 April Term, 1893, wherein the plaintiffs and defendant were the same as herein, it had been determined that the amount of land sought to be taken, as described in the petition in this case, was in excess of the amount lawfully authorized to be taken, a rule is now hereby granted, on motion of the counsel for the defendant, to show cause why the defendant should not have leave, upon the payment of costs, to withdraw the petition for viewers and report thereon, and contemporaneously with such withdrawal to file a petition for the appointment of viewers to assess damages for the taking and occupation of the limited area of land which the defendant may lawfully appropriate within the terms of the decision of the court and the Supreme Court in the said action of No. 8, April term, 1893. Rule returnable on the 11th day of March, A. D. 1895.

And now, to wit, March 25, 1895, the rule of January 31, 1895, coming up to be heard, it is ordered that the same may be made absolute.

*Error assigned* was above order.

*Robert Jones Monaghan, C. H. Krumbhaar* with him, for appellants.—It was held by this court in 1893, in the case of a borough street, that the court had power to authorize the discontinuance of proceedings for the assessment of damages for land taken for street purposes " on proper and adequate terms," but that as a " condition precedent to discontinuance," the borough " should be required to pay all the costs and expenses to which plaintiff has been subjected by reason of said condemnation proceedings : " Moravian Seminary v. Bethlehem, 153 Pa. 588; Huckestein v. Allegheny City, 165 Pa. 367; Marshall v. Grove, 10 Pa. C. C. 532.

*John J. Pinkerton*, for appellee.—In Moravian Seminary v. Bethlehem, 153 Pa. 588, the appeal was from the decree of the court below, permitting the borough of Bethlehem to discontinue condemnation proceedings which were abandoned by the municipality ab initio, the ordinance providing for the proposed street having been repealed, and the proceedings quashed for irregularities thereon. The entire action of the borough council in the matter being characterized by Chief Justice STERRETT, as "ill advised or reckless proceedings inaugurated and prosecuted by at least a majority of the borough council."

In the other case cited, Huckestein v. Allegheny City, 165 Pa. 367, the councils of the city passed an ordinance for the change of grade of a street, when, as a matter of fact, no street had ever been adopted or opened, as it was impossible to change a grade upon a street which had no existence, it was right that the city should pay the costs, counsel fees and expenses, to which the land owner was subjected by reason of the proceedings under the ordinance as provided for by the seventh section of the act of 1891, quoted above.

Marshall v. Grove, 10 Pa. C. C., 532, was a proceeding growing out of the location of a lateral road over the lands of the plaintiff. After a view and report thereon, the road was changed and located elsewhere. Under the act of April 6, 1869, P. L. 17, the plaintiffs, upon the abandoning proceedings to condemn, must pay counsel fees of the defendant, and the court of Huntingdon county so held.

In the present case, however, the condemnation proceedings went on, and a verdict was obtained for $24,057.67. In addition, however, to this suit, another has been brought for the further damages sustained by the plaintiffs in the occupancy of their land by the Pennsylvania Railroad Company to the extent of one hundred and forty feet, and in excess of the sixty-six feet upon which the first verdict was based. And this action, No. 11, August term, 1895, in the common pleas of Chester county, is at issue and down for trial on February 18, 1896.

The entry of the Pennsylvania Railroad Company upon the lands of the appellants in this instance was made with their knowledge and consent. The effect of such permissive entry is thus made the same as if a formal contract had been entered into, by which the landowner had agreed to put the corporation

into possession and accept as compensation such sum as might
be awarded to them by proceedings under the general law.   The
action, wherefore, in such cases has been treated by this court
as equitable in its character.   And, when in several instances,
ejectment was brought by the landowner, and a verdict obtained
in his favor, this court has upon an affirmance of the judgment
made provision for a stay of execution until the railroad com-
pany might proceed, under the statute, to condemn and have the
damages assessed: Pittsburg etc. R. R. v. Bruce, 102 Pa. 23;
Justice v. Nesquehoning Valley R. R., 87 Pa. 28; Allegheny
Valley R. R. v. Colwell, 2 Monaghan, 300; Oliver v. Ry. Co.,
131 Pa. 408; Graham v. R. R., 145 Pa. 504.

OPINION BY Mr. JUSTICE WILLIAMS, March 2, 1896 :

The order complained of in this case is really no more than
the allowance of an amendment in the description of the land
taken by the defendant by virtue of the right of eminent domain.
The amendment became necessary because of a decision made
by this Court.   The complaint now made is not that the amend-
ment was allowed, but that no terms were imposed as a condi-
tion precedent to such allowance.   This is a subject wholly
within the discretion of the court allowing the amendment, and
the only ground on which a review could be properly asked is
that the court had been guilty of an abuse of its discretionary
power in the order made.   We do not find any distinct averment
of an abuse of discretion by the court below, in the appellants'
paper book, nor do the circumstances under which the amend-
ment was allowed disclose any disregard of the rights of the appel-
lants.   In the absence of both the averment of improper conduct,
and the evidence by which such charge could be supported, we
see nothing that justifies this appeal.   It becomes our duty
therefore to dismiss it as improvidently taken.   The costs to be
paid by the appellants.